Crawford *v.* Avery.

The judgment is, therefore, reversed, and the cause remanded for a new trial.

———————

JAMES C. CRAWFORD *v.* BRIANT AVERY.

1. CONTRACT: CONSIDERATION: PERFORMANCE BY PROMISEE.—If the promisee, do the thing required in the agreement of the promisor as the consideration of his promise, the latter is bound, although the promisee was under no obligation to do it: and, therefore, when the defendant promised to accept and pay for certain goods to be delivered by the plaintiff, at a specified time and place, and the plaintiff, without having bound himself to do so, delivered the goods according to the defendant's agreement, it was held, that the defendant was bound to accept and pay for the goods.

2. PLEADING: CONTRACT: SALE OF GOODS.—The declaration averred that the defendant promised to accept and pay for, a gin of a specified description, to be delivered by the plaintiff on a future day, if it should "perform well" when put in operation, according to the directions accompanying the same; and that the plaintiff had delivered a gin of the description required, and " that it would have performed well," but the defendant refused to accept it: *held*, on demurrer, that it sufficiently appeared that the directions accompanied the gin when it was delivered.

3. SALE: AGREEMENT TO GIVE NOTE FOR PRICE: WHEN NO DEMAND FOR NOTE NECESSARY.—The defendant purchased goods of the plaintiff, to be delivered at a future day, when, by the terms of the sale, he was to give his note, due after date, for the price: the defendant, without any just cause, refused to accept the goods when they were delivered: *held*, that it was unnecessary, in order to give the plaintiff a right of action on the agreement, that he should demand of the defendant his note.

4. SAME: SAME: REMEDY WHERE THE NOTE IS NOT GIVEN.—Where the purchaser agrees to give, by a specified time, his note due after date, for the price of the goods, and he fails and refuses to do so, the seller may, before the time when the note would mature, bring his special action on the case for damages for the breach of the contract, in not giving the note: but he cannot sue in assumpsit for goods sold and delivered, until after the expiration of the credit agreed to be given. See *Musson* v. *Price*, 4 East, 147; *Dutton* v. *Solomonson*, 3 Bos. & Pul. 582; *Hoskins* v. *Duperoy*, 9 East, 498; Story on Sales, § 444.

APPEAL from the Circuit Court of Copiah county. Hon. John E. McNair, judge.

*H. F. Johnson*, for appellant,

Cited Broome on Actions at Law, 334; 1 Bon. L. D. 414; 1 Ch. Pl. 136; *Willis* v. *Ives*, 1 S. & M. 307; *Minor* v. *Michie*, Walk. R. 24; 2 Black. Com. 444; Chit. on Bills, 68; 2 Kent Com. 464; Bell on Contracts of Sale, 15; Story on Sales, §§ 436, 438; *McIntyre* v. *Cline*, 30 Miss. R. 361.

*Benj. King*, for appellees,

Cited *Ingersoll* v. *Kendall*, 13 S. & M. 614; Story on Sales, §§ 285, 300, 301; *McIntyre* v. *Cline*, 30 Miss. 361.

HANDY, J., delivered the opinion of the court.

The appellee brought this action upon a written contract, signed by the appellant, and entered into between him and the appellee, to the following effect: The appellant " engaged to take one of B. Avery's (the appellee) cotton gins, of the following description, to wit, —— warranted to perform well; the said gin is to be delivered at Sibbe's (a place in the county where the contract was made), by the first day of May, 1854. But should said gin not perform well, when started by the directions accompanying the same, I am to give the earliest information, when it is to be made to do so. As soon as said gin is started, and performs well, I will give my note for the amount of said gin, at three dollars per saw, when called on, due 1st day of January, 1856." The declaration avers, that this agreement was delivered to Avery, and that, in pursuance of it, he delivered the gin at the time and place mentioned in the agreement, and of the character and description specified in it, as to make, finish, and number of saws (which was fifty), and that it would have performed well, but that the appellant failed and refused to take the gin so delivered; and demands judgment for the sum of $150, the price of the gin agreed on.

To this the appellant demurred, on several grounds:—

1st. Because it does not show that Avery demanded the note of the plaintiff in error, according to the agreement.

2d. That it does not show that the plaintiff in error refused to give his note, according to the terms of the agreement.

3d. That the declaration shows no cause of action.

4th. That the action should have been for the damages sustained, and not for the price of the gin.

This demurrer was overruled, and the defendant pleaded three pleas, upon two of which issue was taken. The third was in substance, that an agent of Avery, at the time the appellant agreed to purchase the gin, represented to him that the gin would gin three bales of cotton per day, which was an inducement to the purchase, and averring that the gin left at Sibbe's, as alleged in the declaration, would not gin three bales of cotton per day. A demurrer was filed to this plea, and overruled by the court.

Upon the trial the verdict was for the appellee ; but the evidence upon which it was based, is not before us, there being no bill of exceptions in the record.

The errors now assigned, have reference to the objections taken by the demurrer to the amended declaration, and the first is that the declaration shows no consideration to support the contract; that there was no obligation upon Avery to deliver the gin, and, therefore, that the written agreement created no obligation upon the appellant to pay for it when it was delivered according to the agreement. But such a position is wholly untenable. The contract was executory, the benefit to be received by the appellant being the delivery of the gin at a future day. Until such delivery there was, of course, no benefit accruing to him, in virtue of the contract. But when the article was delivered, in compliance with the contract, the benefit contemplated by him, was received, and his liability to perform his part of the contract became complete. There was then, to all intents and purposes, a mutuality of obligation and of benefit. The declaration avers the delivery, and upon that founds the plaintiff's right to recover the stipulated price. This objection is, therefore, without force.

Again : it is said that it was incumbent on Avery to accompany the gin with directions for working it, at the time of the delivery, or offer to deliver ; and, that the declaration does not show that this was done. But it is averred that the appellant refused to receive the gin, and no ground for his refusal appears. And it does not appear from the agreement, but that the directions were to accompany the gin and be attached to it, as a part of it. The language of the contract would bear that construction, and from the nature

of the thing, it would seem reasonable that the directions spoken of, as accompanying it, should be attached to it, as a requisite part of it. Under this view, an averment that the gin was delivered, "of the character and description specified, as to make, finish, and number of saws, and that it would have performed well," may be justly held to imply that the "accompanying directions," referred to in the contract, were part of the machine. At all events this averment, together with that of the appellant's refusal to receive it, is of sufficient force to put him to the proof of the fact that he refused to receive it because the directions necessary for working it did not accompany it, or were not offered to be furnished at the time of the delivery, or offer to deliver.

Another objection made to the declaration is, that it does not show that the plaintiff demanded the note agreed to be given, or that the defendant refused to give it. This was unnecessary under the circumstances stated in the declaration. The averment is, that the defendant refused to do the essential thing to be done on his part,—to receive the gin when it was delivered or offered; and that was, of itself, a refusal to complete the contract, which rendered it unnecessary for the plaintiff to demand the giving of the note, which was an act dependent upon the acceptance of the gin. After the refusal to receive the gin, a demand of the note would have been an idle and useless form.

Again: it is insisted, that under the facts stated in the declaration, the action could not be maintained for the price of the gin, but that, at all events, it should have been brought to recover damages for the non-performance of the special contract of the defendant.

It is undoubtedly true, as a general rule, that if the seller is ready and offers to deliver the article, as agreed to be furnished, at the time and place stipulated in the contract, and the other party refuse to accept it, the vendor may recover the price agreed to be paid; and as this case is presented, the offer to deliver, according to the contract, and the refusal by the defendant to accept, must be taken as conceded, and hence no question arises as to the sufficiency of the offer to deliver. Under the averments of the declaration, which are admitted by the demurrer, the vendor had performed his part of the contract, and the article agreed to be furnished be-

came the property of the defendant, by the delivery or offer to deliver; and the question then is, what remedy had he against the defendant, under the circumstances of the case.

Upon the delivery of the gin, and the refusal of the defendant to accept it, and to execute his note for the price agreed on, the plaintiff had the right to bring his action for damages, for the breach of the special contract, without waiting for the time at which the note agreed to be given would have become due. *Musson* v. *Price*, 4 East, 147 ; *Dutton* v. *Solomonson*, 3 Bos. & Pul. 582. And in that case, he would have been entitled to recover merely the damages which he had sustained in consequence of the failure of the defendant to accept the gin, and to execute his note for the stipulated price.

But as the contract was, that upon the delivery of the gin, the defendant should execute his note for the price agreed on, to become due on the 1st January, after the delivery, though the plaintiff could not bring an action for the purchase-money before the time stipulated for the maturity of the note, yet, after that time, he had the right to bring his action to recover the price agreed on, and for which the note should have been given. *Hoskins* v. *Duperoy*, 9 East, 498 ; Story on Sales, § 444. Here the action was not brought until the expiration of the time at which the note agreed to be given was to have matured; and, consequently, it was rightly brought to recover the price agreed to be paid.

There is another error assigned, though not insisted upon in argument. It is, that the case was tried without a replication to the third plea of the defendant. This plea was demurred to, and the demurrer was overruled. The record does not show a replication; but, it appears, by an amendment to the record, made by the clerk of the court below, and informally filed, that a replication was filed, taking issue upon the plea. This obviates the objection.

Let the judgment be affirmed.