## ALLEN SPARROW *vs.* RICHARD H. GROVE.

### *Action against a Draft Association to recover Bounty offered for Enlistment—Rules of Court.*

The defendant was the Treasurer of a Draft Association, and was sued by the plaintiff (who had enlisted and been credited to the district in which the association was formed,) for the sum agreed to be paid by said association to each person so enlisting. HELD:

1st. That the plaintiff was not entitled to recover if he enlisted without regard to the bounty offered by the association, and with the full knowledge that he would not receive it if he did enlist, and was wholly induced to enlist by the expectation of receiving the State and County bounties alone.

2d. That to have entitled him to recover, it was necessary for the jury to find the existence of a contract between the Draft Association, or its agents and the plaintiff, made up by the offer of the former of a bounty to each volunteer, and an acceptance of said offer by the plaintiff, by enlisting in consideration of said offer, to the credit of the district.

3d. That it was not necessary to a recovery by the plaintiff, that a direct request should have been made of him to enlist. The publication of a notice that the association or its committee would pay the sum named therein for each person volunteering or furnishing a substitute to the credit of the district, was, in effect and in law, a request by the association.

4th. That if the defendant, at the time of the institution of the suit, had money in his hands which had been raised to pay bounties to volunteers, and persons furnishing substitutes, which should be credited to the quota of the district, it would be liable to the claim of the plaintiff, if he had enlisted to the credit of the district in consequence of the offer of the district bounty.

Where the Court below, at the close of the case, stated to the counsel that all the prayers which they intended to offer, must be offered together, and that none offered afterwards would be considered by the Court; and after the prayers first offered had been considered, other prayers were offered which were rejected by the Court, among other reasons, because they were not presented in time, HELD:

That the Court of Appeals must intend that the Court below acted in accordance with its rules, in requiring all the prayers to be offered together; and in its rejection of those that were not offered in accordance with those rules there was no error.

APPEAL from the Circuit Court for Frederick County.

This was an action for money had and received, and for an account stated, brought by the appellee against the appellant. The appellant was the Treasurer of a Draft Association, formed by certain citizens of Middletown District, in the month of January, 1865, and the plaintiff, who enlisted as a volunteer, claimed to be entitled to receive from the appellant the sum of $400, being the bounty offered by the association to persons enlisting.

The facts are stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER and ROBINSON, J.

*Wm. P. Maulsby,* for the appellant.

*Frederick J. Nelson,* for the appellee.

GRASON, J., delivered the opinion of the Court.

The appellant's first exception was taken to the rejection of his first, second, third, fourth, and fifth prayers, and to the instruction given by the Court to the jury. It was contended by the counsel for the appellee, that the first prayer was objectionable, because it was calculated to mislead the jury, and that the second, third, and fourth were properly rejected, because they were liable to the same objection as the first, and also because there was no evidence to support the theory upon which they were based, and further, because the instruction given by the Court, placed the appellant's case before the jury as favorably as he was entitled to have it.

We cannot concur in these views. The Draft Association of Middletown District was formed for the purpose of relieving that district from the draft, which had then been ordered, by furnishing substitutes for three years, and volunteers for one year, to fill the quota of the dis-

trict. On the 2d day of February, 1865, the appellant, as treasurer of the association, and two other parties, were appointed a committee to procure volunteers for one year at $400 each, and the association passed a resolution that all persons who wished to volunteer or procure substitutes, should report to said committee at their office, on the 6th day of February. At the same meeting a resolution was adopted, " that the citizens of Middletown District offer $400 to men who will procure substitutes for three years, or volunteer for one year," and it was proved that this offer was a matter of public notoriety after the 2d day of February, 1865. The proof further shows that the appellee was at the office of the committee on the 6th day of February, and at that time refused to enlist. It was further proved that the committee, after putting in a certain number of substitutes, made a contract with responsible men to furnish substitutes to make up the quota of the district, and on the 17th day of February the committee published a notice in the " Valley Register," a newspaper published in Middletown District, that the quota of the district was then filled. It was further proved, that on the 21st day of February, at Frederick, the appellee called upon the committee and was informed by them that they had made a contract to have the quota of the district filled, and did not wish him to enlist to the credit of the district, and that if he did enlist, he would not be paid the bounty offered by the district association. He replied, " Very well," and stated that if he could get into the service before the substitutes were put in, he could get the State and County bounties, whether he got the district bounty or not. At that time the State had offered a bounty of $300, and Frederick county a bounty of $200 for volunteers, neither of which had been offered when the appellee refused to enlist when requested by the committee on the 6th day of February.

The language and terms of the resolution, passed by

Sparrow *vs.* Grove.

the Draft Association of the district, furnish evidence tending to prove that the committee appointed by that association was clothed with the power and authority of filling the quota of the district, by receiving substitutes for three years and volunteers for one year. That resolution required all persons, who might be desirous of furnishing substitutes or of volunteering, to report to the committee, at their office, on the 6th February; and if the appellee were told by the committee, before he enlisted, that they had made arrangements to fill the quota of the district, and that he would not receive the district bounty if he did then enlist, and he was induced to enlist, and did enlist, not by reason of the offer of the district bounty, but by the expectation of receiving the State and County bounties, he was not entitled to recover.

Did the instruction of the Court place the case of the appellant before the jury as favorably as his third and fourth prayers asked, or the appellant was entitled to have it placed? We think not. The instruction given left the jury at liberty to find for the appellee, notwithstanding they might believe that he enlisted without regard to the bounty offered by the Draft Association, and with the full knowledge that he would not receive it if he did enlist, but that he was wholly influenced and induced to enlist by the expectation of receiving the State and County bounties alone. To have entitled the appellee to recover in this case it was necessary for the jury to find the existence of a contract between the Draft Association, or its agents, the committee, and the appellee, made up of the offer by the former of a bounty of four hundred dollars for each volunteer and to each person furnishing a substitute, and an acceptance of said offer by the appellee by enlisting, in consideration of said offer, to the credit of the district. Unless such a contract was found by the jury the appellant was entitled to a verdict in his favor. This view of the case, notwithstanding

there was proof offered tending to sustain it, was wholly taken from the consideration of the jury by the instruction given by the Court. Its judgment must therefore be reversed, and as the case will be remanded for another trial it becomes necessary to express our opinion upon the prayers, to the rejection of which exceptions were taken.

It was contended that the first four prayers of the appellant were calculated to mislead the jury, and were therefore properly rejected. We think that the first and second are liable to this objection. It was not necessary to a recovery by the appellee that a direct request should have been made of him to enlist. The publication of a notice that the association, or its committee, would pay four hundred dollars for each person volunteering, or furnishing a substitute, to the credit of the district, was in effect and in law a request by the association, and the jury might have supposed, from the language and terms in which the first and second prayers were couched, that it was necessary for them to find a personal request to the appellee himself. We have stated that no such personal request was necessary, and as the jury might very readily have been misled by those two prayers, there was no error in their rejection. We think that the third and fourth prayers of the appellant put the law fairly and fully before the jury, if they believed the facts stated in them, and they ought therefore to have been granted.

There was proof offered tending to prove that the appellant had money in his hands, at the time of the institution of this suit, which had been raised to pay bounties to volunteers and persons furnishing substitutes, which should be credited to the quota of the district, and which, if found to be in the appellant's hands at that time, would have been liable to the claim of the appellee, if the jury had further found that the latter had enlisted to the credit of the district, in consequence of the offer of the

district bounty.   The fifth prayer of the appellant was properly rejected.

Upon the close of the evidence the Court stated to the counsel that all the prayers which they intended to offer must be offered together, and that none offered afterwards would be considered by the Court.   The second, third and fourth exceptions of the appellant, and the first exception of the appellee, were taken to the rejection of prayers offered by them respectively, after the first five prayers of the appellant had been presented to the Court, considered and rejected.   The prayers contained in these exceptions were rejected, among other reasons, because they were not presented in time, and this Court must intend that the Court below acted in accordance with its rules in requiring all the prayers to be offered together, and in rejecting those that were not offered in accordance with those rules, there was no error.

*Judgment reversed and procedendo awarded.*

(Decided 30th June, 1869.)