## JAMES MANTON
### v.
## ELIJAH GAMMON ET AL.

1. SALE ON CREDIT—PAYMENT BY NOTE.—Where goods are sold and delivered, to be paid for by note or bill payable at a future day, and the note or bill is not given, the vendor cannot maintain assumpsit on the general count for goods sold and delivered, until the credit has expired, but he may sue immediately for a breach of the special agreement.

2. CONSOLIDATION OF CLAIMS.—The vendor cannot, upon a failure to give notes as agreed, payable at different dates, bring suit for breach of the contract as each installment becomes due, for the breach of the contract is entire, namely, the failure to give the notes, and if he brings such suit before a justice of the peace, he is obliged to bring forward all his claims arising under a breach of the contract in that suit, and judgment therein is a bar to any subsequent proceeding brought to recover the amount of the second installment.

APPEAL from the Circuit Court of Pike county; the Hon. S. P. SHOPE, Judge, presiding. Opinion filed September 29, 1880.

Mr. J. S. IRWIN, for appellant; that where payment is to be made by note, payable at a future day, an action may be maintained immediately as for goods sold, upon refusal to execute the note, cited Story on Sales, § 236; 2 Parsons on Contracts, 485; Partridge v. Gildermeister, 38 N. Y. 93; Johnson v. Smith, Anthon's Nisi Prius, 81; Musson v. Price, 4 East 147; Dutton v. Solomonson, 3 Bos. & Pul. 582; Hutchinson v. Reed, 3 Camp. 329; Hanson v. Mills, 21 Wend. 90; Rhinehart v. Olwine, 5 Watts & S. 157.

The measure of damages is the value of the goods: 3 Parsons on Contracts, 210; Hanson v. Mills, 21 Wend. 90; Rhinehart v. Olwine, 5 Watts & S. 157; Smith v. Jones, 15 Johns, 229; Miller v. Covert, 1 Wend. 487.

Where the causes of action are all matured, and when consolidated will not exceed $200, they must, in an action before a justice of the peace, be consolidated: McCoy v. Babcock, 1

Bradwell, 415; Rev. Stat. 1874, 645; Buckner v. Thompson, 11 Ill. 563; Casselberry v. Forquer, 27 Ill. 170; Mallock v. Krome, 78 Ill. 110; Willard v. Sperry, 16 Johns, 131.

A party cannot split his demands: Camp v. Morgan, 21 Ill. 255; Casselberry v. Forquer, 27 Ill. 170; Nickerson v. Rockwell, 90 Ill. 460; Williard v. Sperry, 16 Johns, 121.

Although a court may reject a claim as inadmissible, yet, if in fact it ought to have been admitted, the judgment unless reversed, is a bar to another suit for the rejected claim: Freeman on Judgments, § 269; Burwell, v. Knight, 12 Md. 535; Burnett v. Smith, 4 Gray, 50; Grant v. Butler, 14 Johns, 377; Morgan v. Plumb, 9 Wend. 287; Baker v. Rand, 13 Barb. 153; Fish v. Miller, 20 Tex. 579; Hamilton v. Quimby, 46 Ill. 90; Keokuk v. Alexander, 21 Iowa, 377.

Messrs. MATTHEWS, WIKE & HIGBEE, for appellees; that when goods are sold to be paid for by note payable at a future day, the vendor can sue immediately for a breach of contract, or wait until the credit has expired, and maintain assumpsit on the general counts, cited Hanna v. Mills, 21 Wend. 90; Story on Sales, § 236; Gale v. Coddington, 21 Wend. 175; Partridge v. Gildermeister, 1 Keys, 97; Hutchinson v. Reid, 3 Campbell, 329; Dutton v. Solomon, 3 Bos. & Pul. 586; Hoskins v. Duperoy, 9 East. 498; Mussen v. Price, 4 East. 147; Lee v. Decker, 6 Abb. N. S. 393; Van Horn v. Burroughs, 62 Ill. 388; Benjamin on Sales, 659; 1 Chitty on Contracts, 615; 1 Chitty's Pl. 347.

If the credits fall due at different times, they can be sued for as fast as they become due: Hamlin v. Race, 78 Ill. 422; Grimfield v. Nash, 31 Miss. 361; Secor v. Sturgis, 16 N. Y. 548; McConnell v. Kibbe, 33 Ill. 176; Jones v. Lavender, 55 Ga. 226; Crabtree v. Hagenbaugh, 25 Ill. 233; O'Brien v. Lloyd, 43 N. Y. 248; 1 Chitty's Pl. 116.

A recovery for one installment in an action brought for the recovery of two, where one is not due, is not a bar to a subsequent action for the second when it shall become due: Bigelow on Estoppel, 33; Nickerson v. Rockwell, 90 Ill. 460; Kane v. Fisher, 2 Watts 246; Crabtree v. Wells, 19 Ill. 55; Sheldon

Manton v. Gammon.

v. Edwards, 35 N. Y. 287; Wilcox v. Lee, 1 Abb. N. S. 250; Johnson v. White, 21 Miss. 287; Grant v. Pratt, 6 Minn. 2; McFarless v. Cushman, 21 Wis. 401; Gray v. Dougherty, 25 Cal. 260; Freeman on Judgments, § 268.

And especially when, as in this case, the second installment has been withdrawn and not passed upon by the jury: Wood v. Carl, 4 Met. 203; Miller v. Maurice, 6 Hill, 121; Russell v. Place, 94 U. S. 608; Bigelow on Estoppel, 94.

The apportionment of costs would be in the discretion of the court: Wickersham v. Hurd, 72 Ill. 464; Lee v. Quirk, 20 Ill. 392.

McCulloch, P. J.   This suit was tried in the circuit court, upon the following agreement:

It is hereby stipulated and agreed between the parties to this suit, as follows:

1st.   That this stipulation may be given in evidence upon any trial of the cause, as a statement of the facts in the case.

2nd.   That such facts are as follows:  On the 26th day of April, A. D. 1876, James Manton executed to plaintiff his certain agreement in writing, as follows:

"ORDER FOR MARSH HARVESTER.  GAMMON & DEERING, Agents for Marsh Harvester:   You will please ship to me from the factory to Pittsfield, care of J. F. Bean, on or before the first day of June, 1876, one Marsh Harvester, for which I agree to pay you or your agent, in cash and notes, on the trial of the machine, one hundred and ninety dollars, as follows: cash, $—; note for $95, due Oct. 1st, 1876; note for $95, due Oct. 1st, 1877, with interest at ten per cent. per annum, with a reduction of three per cent. if paid at or before maturity, transportation upon its delivery, providing the machine answers the following warranty, but if it does not after notice and trial as stipulated in warranty, I will deliver it free of charge to the above place of delivery.

"JAMES MANTON.
"J. F. BEAN, Agent.

"Dated 26th April, 1876."

Which instrument in writing he then and there delivered to

James Bean, who was then and there the agent of the plaintiffs, and then and there authorized to make and accept such contract upon the part of plaintiffs.

That on the 3d day of June, 1876, the machine mentioned in said agreement, shipped by plaintiffs, arrived at the depot at Pittsfield, to the order of said Manton, who paid freight on the same, and who took the machine home with him. That said Manton, on the first day of July, 1876, made a trial of said machine on his farm, and not being satisfied with said machine, on the same day notified the agent, Bean, that he would not receive or pay for said machine, or execute his notes for the same, as mentioned in said written agreement; that said Manton did not return said machine to plaintiffs, but kept and used the same as his own, and that said defendant never executed his said notes to plaintiffs, as mentioned in said agreement. That on the 6th day of March, A. D. 1877, suit was commenced on said written agreement by plaintiffs, before D. W. Greene, a justice of the peace of Pike county, to recover the above amount of money mentioned therein; that is, for all the installments mentioned therein, and including the installment sued for in this case, and that on the 16th day of March, 1877, being the day of trial, plaintiffs, by the judgment of said court, recovered of said defendant, in said suit, the sum of $199.25, being for the sum due on said written agreement, including the installment now sued for. It is further agreed that no question shall be raised or controverted as to the sufficiency of said machine to perform its work according to contract, or the regularity of said judgment, or the jurisdiction of said justice.

It is also agreed that the judgment of said justice was regularly appealed from to the Circuit Court of Pike county, Illinois, and that within twenty days thereafter the defendant filed his appeal bond, and said case was taken by appeal to the circuit court of said county, to the November term, A. D. 1877, and that at said term of said court, both plaintiffs and defendants being present, and said cause coming on to be heard before a jury, the plaintiff offered in evidence said written agreement, and asked judgment for the whole sum of money mentioned

Manton v. Gammon.

therein, including the installments now sued for. The court, however, instructed the jury that but one of the installments mentioned in the contract was due when the suit was commenced before the justice of the peace, and that if the jury found for the plaintiff, the finding should be for the amount of the first installment mentioned in said contract, with interest; and thereupon the plaintiffs withdrew from the consideration of the jury the said second installment, and dismissed the proceeding as to such installment. The defendant introduced witnesses to prove the breach of the warranty of said machine, and to prove the defense set up by him. And the cause being submitted to the jury under the instructions of the court aforesaid, the jury returned a verdict for the plaintiffs, finding the issues for them for the sum of one hundred and three and 56-100 dollars, which was the amount of the first installment, and no more, and for which sum the court rendered judgment against the defendant, and which said sum of money so recovered the said defendant has since fully paid and discharged.

That afterwards, on the 10th day of February, 1879, the present action was brought for the second installment of same written agreement, before C. W. Patterson, a justice of the peace, to recover such last installment, and that on the 17th day of February, 1879, a judgment was entered by said justice in favor of plaintiffs against said Manton, on said written agreement for $120.77, the same being for said second installment and interest thereon, from which judgment said defendant appealed to the circuit court of said county, where the same at this, its November term, 1879, stands for trial. Plaintiffs now introduce said written agreement, upon which said first recovery, on said first installment was had, and asked a judgment for the last installment mentioned in the same, which agreement was read without objection.

The defendant then offered in evidence the record of said former recovery, as a bar to any further suit and recovery upon said instrument, and in bar of the present suit. The question now presented to the court, is whether the recovery so shown is a bar to a recovery for said second installment sued for in this case, if it is, judgment of the court is to be rendered for the

defendant, if not such bar, then judgment to be rendered for plaintiffs for whatever sum may be found due on such instrument in writing, with right to ask for apportionment of costs and with right of appeal or writ of error to either party. From the facts so agreed upon, the circuit court found the issues for appellees, and rendered judgment in their favor for the sum of $107.11, from which judgment this appeal is prosecuted. The only question for us to consider, is whether or not the first judgment is a bar to this action.

On the part of appellant, it is contended that upon a failure to give the notes, appellee's right of action upon the contract became complete; that there could be but one breach of the contract, and that upon such breach the measure of the damages would be the value and price of the property sold. Wherefore it is argued that appellees, having a right to sue for the entire damages, even before the time fixed for the maturity of the first note, were bound under our statute to bring their entire claim into the first suit. On the part of appellees, it is contended that when goods are sold to be paid for by note or bill payable at a future day, and the purchaser makes default in the giving of the notes, the seller may sue immediately for a breach of the special contract, or he can wait until the credit has expired, and maintain assumpsit on the general count for goods sold and delivered. They therefore contend that they had their election either to sue for *a breach* of the contract, or to await the time of the expiration of the credit, and then bring a suit *on* the contract for the price. That the credits falling due at different times, they had a right to bring a suit for each installment as it fell due. They therefore argue that inasmuch as they did not bring their first suit until after the expiration of the first period of credit, and having recovered in that suit only the amount of the first installment, and having dismissed their proceeding as to the second, that judgment is no bar to this suit.

We are precluded by the stipulation from any inquiry as to whether or not the entire demand would at the time of the commencement of the first suit, have exceeded the jurisdiction of the justice, for on the trial of that suit, a judgment was

rendered for appellees for the sum of $199.25, being as stated in the agreement " for the sum due on said written agreement, including the installment now sued for." Appellees sued for and recovered judgment before the justice for their entire claim, and now agree that that judgment was for the entire sum due them at that time on the claim now sued for, as well as for that which they first recovered in the circuit court. It is now too late for them to set up they brought suit for a claim beyond the jurisdiction of their own chosen tribunal.

By the terms of the contract between the parties, it is very evident the title to the property was not to pass to the purchaser until he had had an opportunity for trial, and the machine should be found to answer the warranty. The delivery of the machine was therefore not absolute, but conditional. Appellant was bound either to return the machine or pay for it, according to the contract. But appellees were not bound to let him retain the machine on any other terms than those agreed upon. They had a right to exact a compliance on the part of appellant with the terms of the contract, or to demand a return of the property, which was theirs. Story on Sales, § 457; Lupine v. Maria, 6 Wend. 77; Smith v. Dennie, 6 Pick. 262.

The title not having passed by the delivery, appellees could not be called upon to part with their property on any other terms than those agreed upon; but they had a right to waive the condition, and treat appellant as a purchaser according to the terms of the contract, for he could not retain the possession and repudiate the agreement under which he became possessed of the property. Cable v. Ellis, 86 Ill. 525; Gehr v. Hagerman, 26 Ill. 441; Sanford v. Emory's Adm'r, 34 Id. 468.

So long therefore as appellant retained the property, he was bound by the contract; appellees were entitled to all their rights and remedies under it, and appellant's liabilities are to be determined thereby.

Having purchased upon a credit, appellant could not be sued for the price, *eo nomine*, until the expiration of the time stipulated in the contract, for until then no debt is due. It is a well settled rule that when goods are sold and delivered, to be paid for by note or bill, payable at a future day, and the

note or bill is not given, the vendor cannot maintain assumpsit on the general count, for goods sold and delivered, until the credit has expired; but he can sue immediately for a breach of the special agreement.    Hanna v. Mills, 21 Wend, 90; Yale v. Coddington, Id. 175; Mussen v. Price, 4 East, 147; Hoskins v. Duperoy, 9 Id. 498; Dutton v. Solomonson, 3 Bos. & Pul. 582; Hutchinson v. Reid, 3 Camp. 329.

This rule was adopted by the English courts with some degree of hesitation, and its application to the facts of this case is not free from difficulty.    We have found no case where the agreement called for two or more bills or notes maturing at different times, and wherein upon failure to give them, a suit has been brought for a recovery of a part of the price before the expiration of the whole period of credit.    In Hanna v. Mills, *supra*, it is said " the only difference between suing at one time or the other relates to the form of the remedy; in the one case the plaintiff must declare specially, in the other he may declare generally.    The remedy is the same in both cases."

This seems to us to be simply stating in another form the rule of law that for a breach of a contract the plaintiff is entitled to recover such damages as will make good to him the benefit of the contract to the same extent as if it had been performed, and a recovery for the breach would be a bar to an action for the price.    Rhinehart v. Olwine, 5 Watts & S. 157; Gerard v. Taggart, 5 Serg. & Rawle, 19, 543.    The rule is well settled that where a written agreement has been performed, and nothing remains to be done except the payment of the money, the plaintiff may bring *indebitatus assumpsit* for the money due on the contract, and the amount of recovery will be governed by the contract:    Walker v. Brown et al. 28 Ill. 378.    And this is true although the contract provided for payment in bonds, which proved to be void.    County of Jackson v. Hall, 53 Ill. 440.

It is therefore clear, that upon the expiration of the entire credit, an action could have been maintained for the contract price of the machine.    But upon what principle can this contract price be divided into two causes of action ?    It would

matter very little after the expiration of the entire credit, whether the plaintiff declared for the value of goods sold and delivered, or for money had and received to his use, as in either case the contract would govern. But we cannot see how a count could be framed for goods sold and delivered, which would justify a recovery for only part of the value. Such an action would present an anomaly in pleading. Smith v. Jones, 15 Johns. 229. If therefore successive actions can be maintained for certain portions of the price, it must be because the contract makes it payable by installments. But when we look into the contract, we discover that it does not provide for the payment of the price by installments of money, but for the payment of the entire price, at one time by giving two notes payable at different times. A refusal to give such notes, is a breach of the entire contract, which entitles the plaintiff to sue immediately; but in such case the recovery is not as a debt, or of the price of the goods, *eo nomine*, for in such case the damages are unliquidated, (Hutchinson v. Reid, 3 Camp. 329,) and a set-off could not formerly have been pleaded thereto; nor did the claim entitle the injured party to file a petition in bankruptcy. Hoskin v. Duperoy, 9 East, 498. If therefore the appellees had a right to bring successive actions, we can see no other ground upon which to place such right than that they have waived the giving of the notes (which we have seen they had a right to do,) and treated the transaction as a sale on credit for the respective periods for which the notes were to run. If such were the case, it is possible they might have maintained successive actions, as for so much *money had and received*, at or after the expiration of each period of credit, but we have found no case that goes to that length nor do we in the view we have taken of this case, consider it necessary for us to so hold.

It will be observed that the foregoing conclusions are the results of a technical adherence to the common law forms of actions, and it may be questioned whether in some instances substantial justice may not have been sacrificed to refinements in pleading. In actions before justices of the peace, no formal pleadings are required, but the party is allowed to recover upon

the case made by his proof. The statute (R. S. Ch. 79, § 49) requires each party in a suit before a justice to bring forward all his demands against the other existing at the time of the commencement of the suit, which are of such a nature as to be consolidated, and which do not exceed $200 when consolidated into one action or defense, and on refusing or neglecting to do so, shall forever be debarred from suing therefor. Now, while we have seen there is a bare possibility that appellees had the right at common law to split their cause of action, and to recover part of the price at one time and part at another, yet it is equally true they had the right to bring a suit for a breach of the contract, and to recover therein for all they could possibly have recovered in the two actions when brought separately. Appellees could in the first action have recovered the full value of their machine in the same manner as if they had sued in a court of record, counting upon a breach of the contract; and had they done so there can be no doubt that such a recovery would have been a bar to any subsequent action for the price.

There being no impediment in the nature of formal pleadings in the way, and appellees being entitled to recover according to their proof, and the amount they could possibly recover in any or all forms of action being less than two hundred dollars, it is very evident to our minds, the demands were of such a nature as to be consolidated, and, therefore, should have been prosecuted in that suit. Admitting for the sake of the argument that the suit had been brought to recover only for the first installment there still remained open to appellees a right of action for a breach of the contract, which, if not brought forward in that suit would have been barred by the statute. But the cause of action then existing for a breach of the contract, and there being no written pleadings required, how is it to be known in any future action whether it was brought forward or not? If it was brought forward and passed upon, the judgment would be a bar to all future actions growing out of the sale; if it was not brought forward it was barred, and if by barring an action for a breach of the contract by plaintiff's own action in not bringing it forward, a way is left open to him to bring a subsequent suit

for the balance of the price, the very object of the statute is defeated by its own operation.

Furthermore, as we have already seen, appellees had the right of election to bring suit for the whole claim before the expiration of the credit. It is admitted by the stipulation, they did ask and obtain judgment therefor before the justice of the peace, and when the cause came on for trial in the circuit court they made the same claim, and never abandoned it until the close of the trial, when being met with an adverse ruling of the court, they sought to abandon their claim for what they call the second installment and to recover for the first alone. We think they elected to sue for the whole, and after trial in the circuit court when all of appellant's defenses had been drawn out, it was too late for them to endeavor for the first time to divide their cause of action. The proper course for them to have pursued would have been to take a non-suit or to submit their entire case, under the adverse ruling of the court, trusting that or some higher court to rectify the error. For these reasons the judgment is reversed.

Judgment reversed.