HOOVER & GAMBLE, Appellees, v. JOHN CARY, Appellant.

1. **Sales:** AGREEMENT: DECLARATIONS. In an action upon an alleged contract of sale of personal property, for the collection of the purchase price, evidence of the declarations of the vendee that he had not purchased the property in question, made at the time of delivery three days after the date of the agreement, in pursuance of which the property was delivered, *held*, not admissible either as part of the *res gestæ* or as explanatory of the vendee's possession.

2. **Practice:** EVIDENCE: RECALLING WITNESS. Where evidence is introduced of the statements of a witness of the opposite party out of court, which he had denied making on cross-examination, such witness may be recalled to give his version of the conversation alleged to have taken place.

3. **Account:** TIME OF PAYMENT: DEMAND. Where personal property is sold to be paid for in cash or settled for by notes at the time of delivery, a demand by the vendor for payment or notes at any time after delivery, and a refusal thereof by the vendee, will convert the vendor's claim into a money demand.

*Appeal from Cass District Court.*—HON. A. B. THOR-
NELL, Judge.

### THURSDAY, OCTOBER 20, 1892.

THE plaintiffs state as their cause of action that on
or about the eighth day of June, 1886, they sold to the
defendant, by a verbal contract, one Excelsior reaper
and twine binder, six foot cut, for the agreed price of
one hundred and seventy-five dollars to be paid in cash
upon the delivery of the machine, or to be settled for
by notes, with six per cent. interest thereon from date;
that on or about June 11, 1886, they delivered said
machine into the possession of the defendant at his
residence; that on or about the sixteenth day of July,
1886 they made demand of the defendant for the settle-.
ment as per terms of said contract, and that the defend-
ant refused and has at all times since refused to pay
or settle for said machine as per said contract,—where-
fore they ask judgment.    The defendant answered
denying generally.    The case was tried to a jury, and
resulting in a verdict and judgment for the plaintiffs,
the defendant appeals.—*Affirmed.*

*Willard & Willard,* for appellant.

*James E. Bruce* and *L. L. De Lano,* for appellees.

GIVEN, J.—I. No question is made but that the
plaintiff's agents took an Excelsior reaper and twine
1. SALES: agree-   binder, six foot cut, to the home of the
ment: declara-
tions.            defendant, and there set it up and left it.
The plaintiffs contend that it was so taken and set up
in pursuance of the alleged verbal contract, and that
thereby the same was delivered to the defendant.    The
defendant claims that the machine was brought to, set
up, and left upon his premises under permission given

by him, for the purpose of being exhibited by the
plaintiff's agents as a sample machine, and not in pur-
suance of any contract of purchase with him, nor as a
delivery to him.

The appellant called one Murphy, who testified
that he came to the place where Mr. Warran was setting
up the machine, and had a conversation with the
appellant at a point some thirty feet distant from where
Warran was at work, and then asked the appellant ·if
he had bought the machine, and he said, "No." This
statement was excluded on the appellees' objection.
The witness was further asked "What did Cary say to
you in that conversation there, while they were putting
up the machine?" to which the appellees' objection
was sustained. One Worthington testified that he was
present when they were setting up the machine, and
heard a conversation between the appellant and one
Halleck, some thirty feet distant from the man at work
on the machine. He was asked, "In that conversation,
what did Cary say about the machine being there?"
to which the appellees' objection was sustained. "The
contention of the appellant is that this is proper testi-
mony because—*first*, it is part of the *res gestæ* of the
bringing and setting up of the machine upon his prem-
ises; *second*, it is a part of the *res gestæ* of the posses-
sion of said machine." The appellant cites a number
of authorities showing that, when such declarations
form a part of the *res gestæ*, they are admissible in
evidence. These conversations took place several days
after the time at which the arrangement was made, in
pursuance of which the machine was brought to, and
left upon the appellant's premises, and there is no
question but that there was a delivery of the machine
to the appellant if there was a contract of sale as
alleged. The contention is whether there was such a
contract. The appellant cites the rule to be as follows:
"To make the declarations a part of the *res gestæ*, they

must be contemporaneous with the main fact." Conceding the rule to be as claimed, we think the declarations sought to be introduced are not a part of the *res gestæ*. They were not made at a time, nor so near to that at which the agreement for the bringing of the machine was made, as to reasonably exclude the idea of deliberate design. The arrangement under which the machine was brought and set up was made on the eighth day of June, while the machine was not set up until several days thereafter. There was no issue as to the bringing and setting up of the machine.

The appellant contends upon the authority of *Taylor v. Lusk*, 9 Iowa, 445, that his declarations sought to be proven were admissible. In that case it is said: "The cases cited by the appellees are for the doctrine that the declarations of a person while in possession of personal property, explanatory of such possession, as, that he held it as the agent or for another, or in his own right, are admissible in evidence against the party claiming under him;" citing *Ross v. Hayne*, 3 G. Greene, 211. It is further said: "The cases all agree in holding, however, that the declarations must be made at the time of the possession, must be simply explanatory of it, and not in regard to the contract under which the possession is held." The declarations of the defendant, sought to be proven by him in his own behalf, as stated by counsel, were "that he had not bought the machine; that he had just given Jackson the privilege of setting it up there as a sample machine, in order to show it to the people of the neighborhood." Such declarations were not explanatory of the defendant's possession, for he denies ever having had possession. They were not offered as evidence against a party claiming under him, and were in regard to the alleged contract. They were not within

the rule announced in *Taylor v. Lusk,* nor in any of the cases cited as following that.

II.   The appellant, upon cross-examination of witness Davis, asked him if he had not made certain

2. PRACTICE: evidence: recalling witness.

statements to persons named out of court, which he denied; whereupon the appellant called the persons named, who testified to statements made to them by Davis.   The appellees were permitted, over the appellant's objection, to have Davis state his version of the conversation which he had with the person named.   We see no error in permitting Davis to be recalled as to what he said to those persons.

One Timberlake, called by the appellees, testified to a conversation with the appellant concerning the machine in question at a time in June, 1886, when he sold him a Buckeye, Altman, Miller & Co. machine. The appellant complains that he was not permitted to show that the written order for the last named machine was in the handwriting of one Hall, and not of the witness Timberlake.   Timberlake fixes the time of the conversation with the appellant concerning the appellees' machine as being at the time when he "went there to sell him a machine."   That Hall may have filled the order was immaterial, and we think properly excluded.

III.   The appellant complains of the second and fifth paragraphs of the court's charge.   In the second,

3. ACCOUNT: time of payment: demand.

the court instructed to the effect that if the verbal agreement alleged was proven, and the jury found that the plaintiffs caused the machine to be taken to the defendant's premises in pursuance of that agreement, that the same was received and kept by the defendant, "and it is further shown by the evidence that thereafter, and before the commencement of this action, the plaintiffs, through one of their agents, demanded of the defendant that he should pay for said machine or execute his notes to the plaintiffs for the purchase price thereof, and such

demand was refused by the defendant, then the plaintiffs will be entitled to recover.''

The appellant complains of this instruction, because it did not tell the jury that, before the plaintiffs' claim could be converted into a money demand, they must find that some time had been agreed upon, either fixed or reasonable, for the execution of the notes, and that the time had expired before the commencement of the suit. The allegation is that the machine was to be paid for in cash or to be settled for by notes on delivery, and a demand for payment or notes and a refusal at any time after delivery made the plaintiffs' claim a money demand.

In the fifth instruction the jury were told in effect that if the evidence failed to show that the machine was delivered under the alleged agreement, ''but does show that the defendant permitted said agent to place said machine upon his premises, to be used and exhibited by said agent as a sample machine, for the purpose of selling other machines, then plaintiffs cannot recover. The appellant contends that this is in effect saying to the jury that, unless the evidence shows that the machine was brought upon the premises to be used as a sample machine, the plaintiffs can recover. If alone, it might be so construed, but other instructions given as to what was necessary to entitle the appellees to recover, made plain what the plaintiffs must prove to support their claim.

We have considered all the rulings assigned as error that are urged in argument, and, failing to find any errors prejudicial to the appellant, the judgment of the district court is AFFIRMED.