The Toledo Computing Scale Company, Defendant in Error, v. Oscar Tyden and Carl A. Tyden, Plaintiffs in Error.

## Gen. No. 13,826.

1. PRACTICE—*what requirments of bill of particulars in Municipal Court.* Precision and exactitude of statement in a bill of particulars are not required by the Municipal Court Act in cases where written pleadings are not essential. All that the act demands is a bill of particulars sufficient to apprise the defendant of the nature and character of the demand made against him.

2. CONTRACTS—*when note and written contract construed as one instrument.* A note and a written agreement as to the mode in which the former shall be payable, where executed together, are construed as one instrument.

3. MEASURE OF DAMAGES—*when general rule pertaining to cause of action for refusal to accept merchandise ordered does not apply.* Held, that under the contract between the parties in this cause the general rule as to the measure of damages in an action for refusal to accept merchandise ordered did not apply.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed April 30, 1908.

ATWOOD, PEASE & LOUCKS, for plaintiffs in error.

ALBERT H. MEADS, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

It is sought by this writ of error to reverse a judgment of the Municipal Court entered on the verdict of a jury for $240. The verdict was instructed by the court, and in so doing it is contended the court committed error. It is also contended, with much plausibility and citation of supporting authority, that the court took an erroneous view as to the measure of damages and in excluding from the consideration of the jury evidence of the value of the scales, the contract price of which, less $30 paid on account, was the subject-matter of the suit. It is also contended that the proof is so variant from the bill of particulars filed in the cause by plaintiff and constituting its statement of claim as to preclude plaintiff from recovering in this action. Precision and exactitude of statement in a bill of particulars are not required by the Municipal Court Act in this class of cases. All that the act demands is a bill of particulars sufficient to apprise a defendant of the nature and character of the demand made against him. The bill of particulars in the record sufficiently fulfilled this requirement. It is not pretended that defendants were in any manner misled to their detriment, or prevented from interposing any defense which they might otherwise have interposed to the claim. If defendants desired

a more specific bill of particulars, they should have moved for an order requiring one. If they needed any information not disclosed by the bill of particulars in relation to the plaintiff's claim, they could have procured it by propounding interrogatories to plaintiff, as provided by the Municipal Court Act. The main purpose of the Municipal Court Act is to simplify procedure and to avoid the technicalities of common law pleading.

Plaintiff rested its case after offering in evidence the note of defendants for $240. This was sufficient, if unrebutted, to authorize a recovery. But the fact remains that the note was not in itself decisive of plaintiff's right of recovery, as developed by the proofs of the defendants. Upon such proof rests the right of plaintiff to maintain this action. The note being no more than evidence corroborative of the contract existing between the parties. The parties entered into a contract in writing by which the plaintiff agreed to sell to defendants three scales at the aggregate price of $270. On this contract defendants paid $30 and gave the note in evidence for $240. The contract provides that the title to the scales shall remain in plaintiff until full payment therefor is made, and that the contract should not be countermanded by defendants, and that if defendants refused to accept the scales when tendered, the whole amount unpaid should immediately become due and payable. The contract is dated January 8, 1907, and on the twenty-sixth day of the same month defendants by letter notified plaintiff that they cancelled the order for the three scales covered by the contract. The scales were subsequently tendered to defendants at their store in Chicago, but they refused to accept them. The scales were again tendered in the Municipal Court upon the trial.

It is conceded that the giving of the note in no way changed the contract as between the parties, and the question presented for our decision involves the rule

of law governing the rights of the parties under the. contract and the evidence of the action of the parties subsequent to its making. The court say in Bradley v. Marshall, 54 Ill. 174: "The note and the written agreement as to the mode in which it should be payable, having been executed together, are to be construed as one agreement." We shall so treat the note and contract contained in the record before us. The contract, it is insisted, is executory in its nature; that the title to the scales never passed out of plaintiff, and that such title still remains in plaintiff, and that therefore the measure of damages recoverable in this action is the difference between the contract price and the market price at the time of the refusal of defendants to carry out their part of the contract by accepting the scales when first tendered. We have no disposition to disagree with the authorities cited by counsel—and they are many—which hold to the doctrine that in cases of an executory contract, where the title to the property remains in the vendor and never passed to the vendee, the measure of damages upon refusal of the vendee to accept and pay for the property is the difference between the contract price of the commodity bargained and its market value at the time of the breach by the vendee. We are in accord with the doctrine as thus announced. It is well stated in this state in Burnham v. Roberts, 70 Ill. 25, and has not been departed from since. It is sustained by text-writers, and may be found in 2 Benjamin on Sales, 6 Am. ed. 971; 2 Meacham on Sales, 1373. But the difficulty with defendants' attitude arises, we think, from a misconception of the nature, effect and purport of this contract. It is akin to an executory contract. It is an executory contract, with the qualification that at the option and by the act of the vendor plaintiff it may become an executed contract. This is evidently its legal import. One of the strong evidences that it was so intended is gathered from the agreement of the parties that defendants

could not countermand the order. As they could not do so, it follows that it was the intention of plaintiff to retain the power to hold defendants to their contract by making delivery at its option. Defendants could only insist on being vested with title to the scales upon the performance of one condition, viz., payment in full; but plaintiff could waive the executory part of the contract by tendering the scales and demanding the amount remaining unpaid. This it did, and from that time the contract became an executed one, so far as plaintiff's rights are concerned, and thereby the title to the scales vested in defendants, for whom plaintiff thereafter held possession only. The tender was kept good and continued effectual by again being made at the trial.

The doctrine in this jurisdiction is that promulgated in Osgood v. Skinner, 211 Ill. 229, affirming on further review the decision of this court to be found in 111 Ill. App. 606.

White v. Solomon, 164 Mass. 518, is an exceedingly interesting and instructive case. The amount at stake was insignificant, but the legal principle involved subtle and far reaching. It cannot be gainsaid but what the decision in White v. Solomon, *supra,* demonstrates that the legal doctrine discussed is not free from doubt. The dissenting opinion is as vigorous and as well supported by citation from the opinions of courts of recognized eminence as the majority opinion pronouncing the law for that forum. The court there say: "We are not to construe the equities into the contract, but to carry it out as the parties were content to make it. If a man is willing to contract that he shall be liable for the whole value of a chattel before the title passes, there is nothing to prevent his doing so and thereby binding himself to pay the whole sum. When, as here, all the conditions have been complied with, the performance of which by the terms of the contract entitles the vendors to the whole sum, if the vendors have not either broken

the contract or done any act diminishing the rights given them in express words, the buyer cannot, by an act of his own repudiating the title, gain a right or recoupment, or otherwise diminish his obligation to pay the whole sum which he has promised.''

We do not wish to be understood as in the slightest degree departing from the doctrine that where chattels are sold under an executory contract, with title remaining in the vendor until payment of the contract price by the vendee, and the failure of the vendee to perform his part of the contract, that the measure of damages for such breach is the difference between the contract and the market price. But the case at bar, as we have already shown, is, under the conditions of the contract, so clearly distinguishable from the conditions supporting such rule and doctrine as to make that rule inapplicable.

While the contract in some of its aspects is executory and might be so maintained by the plaintiff, yet its provisions inhibited in express terms the right of defendants to abrogate or rescind it. The vendor must be held to have had in mind such purpose, and by the terms of the contract made such purpose and the intention inferable therefrom effectual, viz., the thwarting of any purpose or right on the part of the vendees to refuse to accept the scales, and to reserve thereby an option to itself to change the executory nature of the contract by tendering to vendees the scales and demanding the amount remaining unpaid. This plaintiff did. The contract thereby became executed on their part, with the right resulting to it to demand and receive from defendants, and on their failure to pay, to sue them for the unpaid purchase price.

Appleton v. Norwalk Library Corporation, 53 Conn. 4, is similar in fact and principle to the case at bar. That was a sale of books to be paid for in instalments, title to the books remaining in seller until payment in full. The purchaser sought to avoid the

contract by returning the books received, and the court say: "It is true that the title to the goods did not pass and could not pass until the full sum of $90 had been paid, but the promise to pay that sum was absolute. Whence, then, come the defendants' right to return the books in full satisfaction and discharge of the contract and thus leave a great part of the installments unpaid? But this is not their only remedy. The contract expressly further provides that, in case of such breach, all the remaining unpaid installments shall immediately become due and payable. If they become due and payable in consequence of non-payment, of course a suit could be maintained for their recovery."

The decision of the Municipal Court is right and its judgment is affirmed.

*Affirmed.*