**O. F. W. Schulze, Defendant in Error, v. Albert Wesley Gottschalk, Plaintiff in Error.**

### Gen. No. 14,728.

Municipal Court—*when bill of particulars in fourth class case sufficient.* The bill of particulars in a fourth class case need only state the nature of the plaintiff's demand; it is not essential that it set up the facts showing a cause of action.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. Judson F. Going, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed December 6, 1909.

Albert Wesley Gottschalk, for plaintiff in error.

Harry Brown and Josiah Burnham, for defendant in error.

Mr. Justice Baker delivered the opinion of the court.

In an action of the fourth class in the Municipal Court, tried without a jury, plaintiff had judgment for $45, to reverse which defendant prosecutes this writ of error. The statement of plaintiff's claim in the bill of particulars is as follows:

"Plaintiff's claim is for work performed for and material furnished to defendant by plaintiff; painting and paperhanging in premises known as No. 560 Armitage avenue, Chicago; amount due as per contract,

$48.75, and for extras furnished at request of defendant, $6.61.''

Plaintiff in error contends that the ''bill of particulars of plaintiff's claim'' in actions of the fourth class takes the place of a common law declaration, and therefore must state facts which constitute a cause of action; that the bill of particulars in this case does not state facts which constitute a cause of action, and therefore is not sufficient to authorize or support the judgment. Section 40 of the Municipal Court Act provides: ''That every case of the fourth class * * * shall be commenced by the filing, by the plaintiff with the clerk, of a praecipe * * * and a statement of the plaintiff's claim, which statement, if the suit be upon a contract, express or implied, shall consist of a statement of the account or of the nature of the demand * * * but nothing herein contained shall be construed to require the statement of claim in any action for a tort to set forth the cause of action with the particularity required in a declaration at the common law. * * *'' This section does not require the plaintiff to state the facts constituting his cause of action, but only to state the nature of his demand. In this case there is a sufficient statement of the nature of plaintiff's demand, and the contention that such statement will not authorize and support the judgment is without merit.

Plaintiff in error also contends that the judgment is against the evidence. Plaintiff was employed by defendant to paper the ceiling and walls and grain the woodwork in a certain room at the agreed price of $48.75. The evidence for the plaintiff tended to show a substantial performance of the contract by the plaintiff. The evidence for the defendant tended to show that plaintiff failed to do a part of the work required by the contract, and that some of the work done was not done in a good or workmanlike manner. The evidence was conflicting. The judgment was for $3.75 less than the price agreed on for the work.

We cannot say, on the evidence in the record, that

the trial court did not make a sufficient allowance for the omissions or defects in the work, or that the judgment is against the evidence, and the judgment is affirmed.

*Affirmed.*