## Julius Bender, Defendant in Error, v. Paul Lundberg, Plaintiff in Error.

### Gen. No. 14,780.

1. SALES—*what does not justify rescission.* If the title to goods sold has passed to the vendee, the fact of their disrepair (the vendee being under an obligation to put them in good condition), does not justify rescission.

2. MEASURE OF DAMAGES—*in action for goods bargained and sold.* The measure of damages for goods bargained and sold, the title to which has passed to the buyer, is the purchase price, and not the difference between the contract and market price.

3. MUNICIPAL COURT—*how bill of particulars in fourth class case construed.* In fourth class cases a bill of particulars is not to be construed with the same strictness as is a formal pleading.

Assumpsit. Error to the Municipal Court of Chicago; the Hon.

EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed January 18, 1910.

JOHN C. TRAINOR, for plaintiff in error.

MAYER, MEYER & AUSTRIAN, for defendant in error.

MR. JUSTICE MACK delivered the opinion of the court.

In the Municipal Court of Chicago judgment was rendered on findings by the court in favor of plaintiff for the sum of $217.50.

Defendant came to plaintiff's store to buy a pair of second hand scales and was induced also to purchase a certain cash register, on the plaintiff's refusal to sell the former without the latter. The key to the purchased register was missing, but a register of the same kind was shown to the defendant. Plaintiff gave defendant a document, retaining a duplicate signed by defendant, reading as follows:

"JULIUS BENDER,

MANUFACTURER OF STORE AND OFFICE FIXTURES.

Entire Stores and Stocks of Merchandise of Every Description Bought for Cash.

Office and Salesrooms 230-232-234-236-238 W. Madison Street, Corner Peoria.

CHICAGO, Nov. 5th, 1907.

Sold to Paul Lundberg,
2629 113th Str., Cor. State, Roseland.
Terms Net Cash.
No delivery on premises in
C. O. D. sale without payment.

201812—1 Computing Scale
1 No. 83 National Register, 111057....................$235.00
Allow for 1 Computing Scale.................... 12.50

Balance ............................................$222.50
Deposit ............................................ 5.00

Balance ............................................$217.50

"We guarantee register to be in first-class condition, and to remain in good working order for two years, and furnish all keys and two rolls of paper of each.

"Scale guaranteed to be second-hand and almost new. $45 more cash balance 15 month. Order accepted. Julius Bender, Max Meyer, agent."

The goods were delivered at defendant's store the next day. His son, who was in charge of the store, would not accept the register, but wanted to keep the scales. The driver brought both back to the store of plaintiff, who has since retained them for defendant, to whom they were again tendered at the trial.

When the goods were delivered none of the parties present were able to work the register. Defendant's son supposed that it was out of order. According to plaintiff's testimony, denied by defendant, plaintiff phoned to the son that he would send a man out the next day to look it over, and that if he took them back he would keep them in the store on defendant's own responsibility. The driver's testimony, denied by defendant, was that he stated that they would send a man out that afternoon or the next day to show how it worked.

One witness who was present at the time of delivery and who tried to work it but could not make it add, said that a spring seemed to be broken, but this same witness was unable to make it add at the trial, whereas another witness, who knew the machine, demonstrated at the trial that it worked all right. A machinist testified that he had put it in good repair just before it was delivered.

The trial judge was clearly justified under the conflicting testimony in concluding that the machine was in good condition when tendered, and that the inability to work it was due, not to a broken spring or to any other defect, but to a lack of knowledge on the part of defendant's son and the other witnesses.

Under such a finding of facts, the plaintiff would be entitled to recover the purchase price. The sale was

executed; the goods were specified and a partial payment made. Even though plaintiff was under a duty to put the goods in good condition and to deliver them, nevertheless the title had passed at the time of the sale.

The defendant's refusal to accept the goods as tendered could not without plaintiff's assent thereto effect a rescission of the sale and revest the title in him. If plaintiff testified truthfully, he never consented but on the contrary notified defendant that he held the goods in storage for him. The measure of damages for goods bargained and sold, the title to which has passed to the buyer, is the purchase price, not the difference between the contract and the market price. Ames v. Moir, 130 Ill. 582; Osgood v. Skinner, 211 Ill. 229.

While the evidence would not justify a recovery under the common count for goods sold and delivered, but only for goods bargained and sold, a bill of particulars alleging a sale and delivery is not to be treated with the same strictness as a formal pleading in fourth class cases where written pleadings are dispensed with. Dunsworth v. Wood Machine Co., 29 Ill. App. 23. The allegation of delivery will be regarded as surplusage. Moreover, no objection was made in the trial court on the ground of such variance.

The judgment will be affirmed.

*Affirmed.*