## McDowell, Stocker & Company, Defendant in Error, v. W. A. Sharp, Plaintiff in Error.

### Gen. No. 15,288.

1. STATUTE OF FRAUDS—*what promise within.* A promise by one person to pay an obligation created or to be created by another if such other does not, is a promise within the statute.

2. STATUTE OF FRAUDS—*what consideration sufficient to support promise to pay debt of another.* A delivery of merchandise pursuant to such a promise is such consideration.

3. MUNICIPAL COURT—*when defect in bill of particulars will not reverse.* If the cause of action proved is not correctly set forth in the plaintiff's "statement of claim" so-called, a reversal will not be awarded if no prejudice appears to have resulted.

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed October 6, 1910.

**Statement by the Court.** This is an appeal of the defendant from a judgment for $475, recovered against him in the Municipal Court by plaintiff in an action of the fourth class. This is plaintiff's Statement of Claim:

"Plaintiff's claim is the agreed price at fair market value of one No. 2 Walsh press and one No. 4 Walsh press sold by the plaintiff to one John Wollgren at the request of defendant, W. A. Sharp, and upon his promise to guarantee the account and pay the same if the purchaser did not. Said promise and sale was made on, to-wit, August 14, 1908, and the prices agreed upon between the plaintiff, defendant and Wollgren were as follows:

| | |
|---|---|
| One No. 2 Walsh press at .......... | $155.00 |
| One No. 4 Walsh press at .......... | 320.00 |
| Amount due .................. | $475.00." |

August 9, 1908, Wollgren called at plaintiff's place of business and selected two presses, which he desired to purchase on a credit of sixty days. The next day the treasurer of plaintiff called on defendant Sharp and asked him if he would "guarantee the account of Wollgren for the presses he was about to purchase from McDowell, Stocker & Co., and Sharp said that he would, that if Wollgren did not pay, he, Sharp, would." The price and terms proposed were told to defendant before he "said that he would pay the bill if Wollgren did not." August 14, 1908, a proposal by plaintiff to Wollgren to sell him said presses on the terms therein stated was presented to Wollgren and defendant and accepted by each in writing. This is said proposal and acceptance:

"PROPOSAL
from
McDOWELL STOCKER & CO.
Machinery.
59–61–63 South Canal Street.
Chicago, 8-14.........1908.

Mr. John Wollgren:
We quote you delivered F. O. B. your shop subject to the approval of our home office, (prices being subject to change without notice) the following:

1 No. 2 Walsh Press O. B. I. .......$155.00
1 No. 4 " " " " " ...... 320.00

$475.00

Terms 60 day note dated Aug. 14th, no interest. Signed by Mr. Wollgren & indorsed by W. A. Sharp. John Wollgren. Accepted, W. A. Sharp.

McDowell Stocker & Co.,
Per W. McDowell."

After this instrument was signed by Wollgren and defendant, plaintiff delivered the presses to Wollgren. The note provided for in said instrument was not given.

WILLIAM B. MOAK, for plaintiff in error.

GARTSIDE & HUDSON, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The defendant offered no evidence and the case, on the merits, presents only the question whether the evidence on the part of the plaintiff is sufficient to sustain the finding and judgment.

We think that the verbal promise of the defendant of August 8, that he would pay for the presses if Wollgren did not, was in substance a promise to pay the debt of another and within the Statute of Frauds.

The written proposal of plaintiff of August 14 was to sell to Wollgren the presses at $475, to be paid in a 60 day note of Wollgren indorsed by Sharp. This proposal was accepted by Wollgren and Sharp in writing, and afterwards the presses were delivered by plaintiff to Wollgren.

The assent of Sharp to plaintiff's proposal is shown by his acceptance of it, and he thereby promised plaintiff that it should receive in payment for said presses Wollgren's note endorsed by Sharp. The sale was not complete until the presses were delivered and the delivery of the presses to Wollgren, after the acceptance of the proposal by Sharp, was a sufficient consideration for Sharp's promise to plaintiff.

The term of credit had expired when this suit was brought, and plaintiff could recover the price of the presses, as damages for the breach of the special contract for payment in an endorsed note. Dunsworth v. Wood Machine Co., 29 Ill. App. 23; Hanna v. Mills, 21 Wend. 90; Worthy v. Jones, 11 Gray, 168.

The cause of action proved is not accurately set forth in plaintiff's "Statement of Claim," but we do not think that the defendant was prejudiced thereby, or that for that reason the judgment should be reversed.

We find no error in the rulings of the court on questions of evidence.

The record is, in our opinion, free from reversible error and the judgment is affirmed.

*Affirmed.*