CHICAGO—FIRST DISTRICT—JUNE, 1911.    497

Bekins Household Shipping Co. v. G. T. R. Co., 162 Ill. App. 497.

Bekins Household Shipping Company, Defendant in Error, v. Grand Trunk Railway System, Plaintiff in Error.

### Gen. No. 15,656.

1. MUNICIPAL COURT—*when insufficiency of statement of claim will not reverse.* In the absence of a motion for a more specific statement of claim having been made and in the absence likewise of any objection to testimony based upon the insufficiency of such statement, a reversal will not be awarded.

2. COMMON CARRIERS—*liability for freight marked to particular destination.* A carrier by accepting freight marked to a particular destination impliedly agrees to deliver it at that place whether on its own line or beyond, and is *prima facie* bound to do so.

3. COMMON CARRIERS—*when restriction upon liability not enforced.* Where a contract limiting the liability of a carrier is contained in a bill of lading constituting both a receipt and the contract, the burden is upon the carrier to show that the shipper assented to the terms and conditions of the contract.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed June 16, 1911.

KRETZINGER, ROONEY & KRETZINGER, for plaintiff in error.

THOMAS M. HEADEN, for defendant in error; EMORY D. FRAZER, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court. Defendant in error undertook to cause to be transported for one Arthur W. Young a quantity of household goods from Los Angeles, Cal., to Hingham, Mass. The goods were consigned to the defendant in error, at Chicago, to which point it paid the freight charges of the railroads transporting the same. On April 7, 1906, it delivered the goods to the plaintiff in error at Chicago and took a receipt on a printed form of defendant in error, which in part reads as follows:

498          APPELLATE COURTS OF ILLINOIS.

Bekins Household Shipping Co. v. G. T. R. Co., 162 Ill. App. 497.

"Received from Bekins Household Shipping Co., in apparent good order, the articles named below, to be delivered in like good order without unnecessary delay. To order of Bekins Shipping Co. Notify A. W. Young, Hingham, Mass."

The record discloses that the freight charges from Chicago to Hingham, Mass., were prepaid by the shipping company and amounted to $57.73. No bill of lading on the railway's form was issued, the parties evidently regarding the receipt with the addition made by plaintiff in error as taking the place of such a bill of lading. This receipt had various words stamped upon it by the railway agent, among others these: "Not responsible beyond terminal station." On the back of the receipt are the words: "Deliver to A. W. Young. Bekins Household Shipping Co., E. Zwiers, Mgr." The receipt so marked and endorsed was attached to a draft made upon Young for $214.33. This draft was not paid, but the goods were delivered to Young without an order from the shipping company and without surrender of the receipt or bill of lading.

Suit was brought for the sum of $114.33. The record discloses the fact that $100 of the amount covered by the draft had been paid by Young to the defendant in error, and its claim is that it had a lien on the goods for the balance owing it by him. There was a finding of the court in favor of the defendant in error and against the plaintiff in error for the sum of $114.33, and judgment rendered thereon.

Several reasons are assigned for the reversal of the judgment. It is said that there should have been no recovery because the statement of claim made by the defendant in error itself does not show a cause of action. It is true that this statement does not express accurately the basis of the suit. A copy of the receipt or bill of lading however was attached. No motion for a more specific statement appears to have been made, and no objection was interposed to testimony based upon the alleged insufficiency of the statement. The case should therefore not be reversed on this ground.

It is asserted by the plaintiff in error that the language stamped upon the receipt or bill of lading—"Not responsible beyond terminal station"—limited the liability of the plaintiff in error to losses on its own line. We do not understand such to be the law. The freight charges were paid in advance to Hingham, Mass. There is nothing upon the receipt or bill of lading to indicate that Hingham was not a station on the line of road of the plaintiff in error. It has been held, too, that a carrier by accepting freight marked to a particular destination impliedly agrees to deliver at that place whether on its own line or beyond, and is *prima facie* bound to do so; and also that where a contract limiting the liability of a carrier is contained in a bill of lading constituting both a receipt and a contract, the burden is upon the carrier to show that the shipper assented to the terms and conditions of the contract. Wabash R. R. Co. v. Thomas, 222 Ill. 337. We find nothing in the record tending to indicate that the shipping company understood, or had reason to understand, that the liability of the plaintiff in error was to be limited to its own line of railroad.

It is claimed by the plaintiff in error that there is no competent testimony in the record to show either the value of the goods or the lien, if any, which the defendant in error had upon them. While the evidence as to the value of the goods was very slight and unsatisfactory, it was not contradicted by any testimony offered on behalf of the plaintiff in error. It is claimed by the defendant in error that it applied part of the $100 paid by Young to the liquidation of its storage and other charges exclusive of the amount advanced by it for freight to the railroad lines west of Chicago, and that the balance of the $100 was applied on such freight charges. There was evidence tending to show that the charges west of Chicago paid by the defendant in error were much more than $56.60. The defendant in error paid to the plaintiff in error $57.73 for transporting the freight from Chicago to Hingham, Mass., for which amount it certainly would have a lien upon the goods, in addition to the

amount paid by it for freight to the lines west of Chicago. These two items aggregate the amount of the judgment.

Our conclusion is that justice between the parties was done in the rendition of this judgment, and it will therefore be affirmed.

*Affirmed.*