# Frank E. Jaeger, Defendant in Error, v. United States Brewing Company et al., Albert Bruzek, Plaintiff in Error.

## Gen. No. 15,718.

1. LANDLORD AND TENANT—*effect of assignment upon liability of lessee.* The assignment of a lease, even when coupled with the delivery of possession to the assignee and a liability on the part of the assignee for the rent, the acceptance of rents by the lessor from the assignee, and the acceptance by the lessor of the assignee as tenant of the premises, does not discharge the lessee from his liability under the covenants of the lease, but such covenants remain in force notwithstanding the lessee has parted with his interest in the estate, unless the lessor accepts the assignee as sole tenant, and absolves the original lessee from further liability under his covenants.

2. LANDLORD AND TENANT—*what does not discharge obligation of lessee.* Change of possession unaccompanied by any new arrangement with respect to the rent, does not discharge the lessee, nor does an unfulfilled promise to make a new lease to the assignee of the lessee.

3. MUNICIPAL COURT—*when objection of variance comes too late.*

An *objection of variance* first made on appeal comes too late.

Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 4, 1911.

H. M. PIERCE, for plaintiff in error, ALBERT BRUZEK.

WILLIAM H. TATGE, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

Defendant in error, Frank E. Jaeger, being the owner of premises No. 1718 West Sixty-third street in the city of Chicago, on November 16, 1903, made a written lease of the same to one Albert Bruzek, at a rental of $35 per month, to be paid in advance; the term of leasing to begin May 1, 1904, and end May 1, 1909.  Bruzek went into possession and occupied the premises until November 15, 1906, for a saloon.  Just prior to that date Bruzek, having an opportunity to sell his saloon to one Foss, asked Jaeger if he would consent to the United States Brewing Company taking the lease off his hands.  Jaeger signified his willingness to do so, and on that date, at the saloon on the leased premises, Jaeger, Bruzek, Foss and representatives of the United States Brewing Company being present, Bruzek announced that he had sold his saloon to Foss and that the United States Brewing Company would take his lease off his hands, and the lease was then assigned by a writing on the back of it in the following words:

"For value received, I hereby assign all my right, title and interest in and to the within lease unto the United States Brewing Company of Chicago,—heirs and assigns, and in consideration of the consent to this assignment by the lessor, I guarantee the performance by said ———————— of all the covenants on the part of the second party in said lease mentioned.

218        APPELLATE COURTS OF ILLINOIS.

Jaeger v. U. S. Brew. Co., 163 Ill. App. 216.

In consideration of the above assignment, and the written consent of the party of the first part thereto, I hereby assume and agree to make all the payments and perform all the covenants of the within lease by said party of the second part to be made and performed.

Witness my hand and seal this 15th day of November A. D., 1906.

(Signed)    ALBERT BRUZEK    (Seal)."

And the defendant in error thereupon gave his consent to the assignment of the lease by a writing endorsed on the back of it in the following words:

"CONSENT TO ASSIGNMENT.

I hereby consent to the assignment of the within lease to the United States Brewing Co., of Chicago, on the express condition, however, that the assignor shall remain liable for the prompt payment of the rent and performance of the covenants on the part of the second party as therein mentioned, and that no further assignment of said lease or sub-letting of the premises or any part thereof shall be made without written assent first had thereto.

Witness my hand and seal this 15th day of November A. D., 1906.

(Signed)    FRANK E. JAEGER,    (Seal)."

There is some evidence that Jaeger promised to make a new lease to the United States Brewing Company, but none was ever made.

Foss then took possession and remained for about one year, then the place was vacant for a few days, then plaintiff in error took possession and ran the place for a few weeks, then a man by the name of Mack ran the place for about six months, then the place was vacant for about twenty days, when one Charles Windish went to defendant in error, having been sent by

the United States Brewing Company, and asked for the key to the premises in question. Defendant in error having no key forced a side window and let Windish in, and he remained in possession up to the time of the trial.

After the assignment of the lease on November 15, 1906, the rent that was paid was paid either by the United States Brewing Company or some of the occupants of the place, and when paid by the occupants, it was paid in the name of the United States Brewing Company and the receipts given ran to the United States Brewing Company, except while Windish was in, and during that time the receipts sometimes ran to the United States Brewing Company and sometimes to Windish. All rents have been paid except for the months of December, 1908, and January, February and March, 1909. During those months Windish was in possession.

This suit was begun March 6, 1909, against United States Brewing Company, a corporation, Albert Bruzek and Charles Windish. The case was tried by the court without a jury, and on the trial was dismissed by the court as to the United States Brewing Company and Charles Windish, and judgment was rendered against plaintiff in error, Albert Bruzek, for $140 and for costs of suit.

Plaintiff has brought this suit here for review and claims that the facts stated amount in law to a surrender of the lease between Jaeger and Bruzek, and that Bruzek was thereby released from liability for the payment of the rent. A careful examination of the record fails to disclose anything to support that contention. The assignment of a lease, even when coupled with the delivery of possession to the assignee and a liability on the part of the assignee for the rent, the acceptance of rents by the lessor from the assignee, and the acceptance by the lessor of the assignee as tenant of the premises does not discharge the lessee from

220        APPELLATE COURTS OF ILLINOIS.

Jaeger v. U. S. Brew. Co., 163 Ill. App. 216.

his liability under the covenants of the lease, but such covenants remain in force notwithstanding the lessee has parted with his interest in the estate, unless the lessor accepts the assignee as sole tenant, and absolves the original lessee from further liability under his covenants. There must be a substitution of the assignee for the lessee, and a clear intention to have the assignment constitute a new contract with the assignee and a discharge of the original lessee from further liability under the lease, otherwise both lessee and assignee are liable to the lessor for the rent. Grommes *et al* v. St. Paul Trust Co., *et al*, 147 Ill. 634-648, and authorities there cited; C. & M. Tel. Co. v. Type Tel. Co., 137 Ill. App. 163.

In this case no intention to release the lessee is shown by either the assignment or the consent to the assignee are liable to the lessor for the rent. Grommes such writings a clear and unmistakable intention to continue the lessee's liability is shown.

It is insisted that the continued change of possession of the premises and the *promise* of the lessor to make a new lease to the United States Brewing Company were sufficient to amount to a release of the lessee by implication.

There was but one assignment of the lease, and that was the assignment made November 15, 1906, by Bruzek to the United States Brewing Company. The various occupants of the premises after that went into possession under arrangements made with the United States Brewing Company. No new arrangement was ever made by Jaeger with any one after that date, either as to possession or the payment of rent, or that was intended or amounted to any change in the liability of the parties after the consummation of the deal of November 15, 1906. The promise by Jaeger to make a new lease to the United States Brewing Company, referred to by counsel, was part of the conversation that culminated in the assignment before referred to,

and cannot be considered as varying the contract evidenced by the written assignment and consent thereto, and even if it could be so considered, it was merely a promise that has never been carried out and in no way changed the liability of the parties to this case.

Lastly, it is contended that there is a variance between the statement of claim filed by plaintiff and the proof, in that the statement of claim describes the premises leased as "located and known as 1717 W. 63rd St." while the premises are described in the lease as "1718 West Sixty-third St." There was no objection made at the trial to the introduction of the lease, and the question of variance was in no way raised in the court below, and will not be considered when raised here for the first time.

Several other assignments of error are found in the record, but as they have not been argued are treated as abandoned.

The judgment of the Municipal Court will therefore be affirmed.

*Judgment affirmed.*