## Mike Basso, Defendant in Error, v. Chicago City Railway Company, Plaintiff in Error.

### Gen. No. 17,539.

1. MASTER AND SERVANT—*assumed risk.* Where plaintiff, an employe of defendant, while unloading iron poles takes the position in which he is injured in obedience to the order of defendant he does not assume the risk.

2. PRACTICE—*under Sec. 40 of the Municipal Court Act.* Under Sec. 40 of the Municipal Court Act, plaintiff is not required to state the facts constituting his cause of action, but only the nature of his demand.

3. APPEALS AND ERRORS—*variance.* The question of variance is not considered when raised for the first time in the court of review.

4. MUNICIPAL COURT—*when statement of claim sufficient.* In an action of the fourth class in the Municipal Court where plaintiff, an employe of defendant, was injured while unloading iron poles, statement of claim held sufficient.

Error to the Municipal Court of Chicago; the Hon. GEORGE J. COWING, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed June 30, 1913.

W. D. BARTHOLOMEW and WATSON J. FERRY, for plaintiff in error; LEONARD A. BUSBY, of counsel.

WILLIAM SCHREIDER, for defendant in error; WM. H. A. RUST, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The defendant in error, hereinafter called plaintiff, brought an action of the fourth class in the Muncipal Court of Chicago against the plaintiff in error, hereinafter called defendant, for damages for personal injuries. The plaintiff's statement of claim is as follows:

"Plaintiff's claim is for injuries received on February 15, 1910, at about 2 o'clock p. m. on 35th street, about 50 or 60 feet west of the intersection of Iron

street in Chicago.  Plaintiff was in the employ of the defendant company as a laborer and was ordered by the defendant to assist other laborers in removing from a certain track then and there owned by the defendant company certain iron trolley poles of great weight and size; while the plaintiff was with all due care and diligence endeavoring to aid in removal of certain said trolley pole the said defendant negligently and carelessly failed to provide an adequate and sufficient number of men to aid the plaintiff in lifting from said truck the said trolley pole, whereby and by reason of the failure of the defendant to supply an adequate and sufficient number of fellow laborers to aid plaintiff in the lifting and removal from said truck of the said trolley pole—which said inadequacy and insufficiency of fellow laborers was unknown to the plaintiff—said trolley pole without any fault on the part of the plaintiff fell down and upon the plaintiff striking, breaking and fracturing his right leg several inches above the knee and in addition thereto inflicting severe bruises, contusions and lacerations about the body.''

This statement is followed by another, substantially the same, except the negligence averred is that the defendant ''failed to provide suitable, adequate or sufficient machinery, tools, implements and appliances to the said plaintiff for the removal of the aforesaid trolley poles.''  Near the conclusion of the evidence the court permitted an additional statement of claim to be filed, wherein it was averred that the defendant ''so negligently, carelessly and improperly handled, raised and lifted said pole as to cause the same to drop to and upon the right leg of the plaintiff.''  The case was tried by the court without a jury and the defendant found guilty and plaintiff's damages assessed at $950 and judgment entered therefor.

At the time of the accident the plaintiff, with four other men and the foreman, were unloading from a wagon (without a box) on 35th street four hollow iron poles.  The poles were each 33 feet long, with a

diameter of 7 inches at one end and 5 inches at the other and weighed 900 lbs. The usual manner of unloading the poles was to first lift the small end of a pole off the wagon and place it on the ground; then the men would go toward the larger end and there in a line along the pole lift the larger end over the forward wheel of the wagon to the ground. Two poles had been taken off the wagon in the usual manner and at the time of the accident the third pole was being lifted off the wagon in the usual manner, with the exception of the position occupied by the plaintiff. The poles were lifted from off the wagon on the south side as the wagon extended east and west on the street. In unloading them the men would take a position on the north side of the pole, avoiding the danger of being on the south side as it was unloaded from the wagon.

In unloading the third pole the plaintiff was at the large end on the south side of it, when the pole in falling to the ground struck him on the leg and broke it. In the beginning of the trial the plaintiff's attorney announced that the right of action was predicated on the ground of insufficient help in unloading the poles. The only evidence in support of this contention was the command of the defendant's foreman to two other men, working some two hundred feet away, to come and help. This assistance was undoubtedly called for to hurry the work because of a street car coming up to the wagon, which was standing on the track; and there is in fact no evidence tending to support the specific averments of negligence in the first "statements of claim." The plaintiff introduced evidence tending to prove that the defendant's foreman ordered him to take a position on the south side of the pole, and in obedience to the command of the foreman, who was also instructing the men to hurry, he took the position which resulted in his injury. The defendant introduced evidence tending to prove that the plaintiff was ordered to take a position on the north side of the pole and

repeatedly cautioned not to get south of the pole in unloading it, but, notwithstanding said directions, he took the position on the south side of the pole, and in its being unloaded he slipped and fell and the pole fell on him. While the record in this case is in nearly every respect confusing and unsatisfactory, we are not prepared to hold that the evidence clearly and manifestly preponderates in favor of the defendant on the said issue in relation to the said order. If the plaintiff took the said position in obedience to the order of the defendant, he did not assume the risk. *Springfield Boiler Co. v. Parks,* 222 Ill. 355. Neither do we think that under the evidence we would be justified in holding that in obeying the order of the defendant in taking said dangerous position, the danger was so apparent that an ordinarily prudent man would not have encountered it, and therefore plaintiff was guilty of contributory negligence.

The remaining question is: Can recovery of this judgment be sustained on the evidence under the said statements and additional statement of claim? Section 40 of the Municipal Court Act is, in part as to the statement of claim in cases of the fourth class, as follows:

"If the suit be for a tort, it shall consist of a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case he is called upon to defend, but nothing herein contained shall be construed to require the statement of claim in any action for a tort to set forth the cause of action with the particularity required in a declaration at common law."

In *Schulze v. Gottschalk,* 152 Ill. App. 20, this court held in respect to a statement of claim in a case of the fourth class:

"This section does not require the plaintiff to state the facts constituting his cause of action, but only to state the nature of his demand."

The question of variance was not raised at the trial

and will not be considered when raised here for the first time. *Jaeger v. U. S. Brewing Co.*, 163 Ill. App. 216. No motion was made for a more specific statement of claim. On the motion of the plaintiff for leave to file the additional statement, the defendant objected on the ground it set up a ''new, distinct and separate cause of action.'' The court then ruled it might be filed and said: ''If it takes you by surprise, or if it takes any additional evidence to meet it, I will let you have additional time to meet it.'' Counsel for the defendant replied: ''No, everybody has testified here.'' The Court: ''I don't know as it changes it.'' Counsel for defendant: ''It don't change the situation any.'' During the trial the issue as to the said alleged negligent order of the foreman was developed and became well defined. It thus appears that the defendant was neither misled nor prejudiced by the failure of the plaintiff to specifically aver in his statement of claim a negligent order of the defendant.

The Municipal Court Act provides that no judgment shall be reversed unless the court shall be satisfied that such judgment resulted from substantial errors directly affecting the matter at issue between the parties. No pleadings are required in the Municipal Court in fourth class cases, and only the nature of the cause of action need be stated. In the case at bar ''the nature of the tort'' was stated. We do not think the judgment resulted from substantial errors directly affecting the issue, and are also inclined to believe that if the plaintiff had brought his action in a court of general jurisdiction he might very properly have recovered a larger judgment for the damages sustained.

After a careful consideration of the law and the facts, we are of the opinion that the judgment should be affirmed and it is so ordered.

*Affirmed.*