Greenblodt v. Chicago Railways Co., 189 Ill. App. 185.

It was further stipulated that Murphy Bros. were careless in moving the said furniture and in so doing damaged the walls in the halls of said apartment building, and that if the plaintiff was entitled to recover at all against the defendant he was entitled to recover $22.50.

A trial was had without a jury and plaintiff recovered a judgment for $22.50. To reverse the judgment, defendant prosecutes a writ of error.

EDWIN H. CASSELS, FRANCIS ADAMS, JR., and KENNETH B. HAWKINS, for plaintiff in error.

GUERIN, GALLAGHER & BARRETT, for defendant in error; EARL B. WILKINSON, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

LANDLORD AND TENANT, § 197*—*when tenant not liable for injury to premises.* Where a tenant contracted with persons to move her furniture from an apartment building and the movers damaged the walls of the halls of the building and suit was brought by the owner of the building against the tenant to recover the damages, *held* under a stipulation of facts in the case that the movers were independent contractors and that the tenant was not liable.

---

## Abraham Greenblodt, Defendant in Error, v. Chicago Railways Company, Plaintiff in Error.

### Gen. No. 19,620.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim sufficient to inform defendant as to nature of case.* A statement of claim in a fourth-class case in the Municipal Court for personal injuries, *held* to reasonably inform the defendant of the nature of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the case within the meaning of section 40 of the Municipal Court Act, J. & A. ¶ 3352.

2. MUNICIPAL COURT OF CHICAGO, § 28*—*When judgment will not be reversed for insufficiency of statement of claim.* The fact that a statement of claim in a fourth-class case in the Municipal Court for personal injuries did not allege that plaintiff was in the exercise of due care when injured, *held* not sufficient ground for reversal of a judgment, where nothing was done in the court below to save such point for review except a motion for an arrest of judgment after verdict.

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

JOHN W. WALSH and FRANK L. KRIETE, for plaintiff in error; JOHN R. GUILLIAMS, of counsel.

WILLIAM CULLEN BURNS, for defendant in error; A. H. RANES, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This writ of error is to reverse a judgment for $500 entered by the Municipal Court of Chicago on May 29, 1913, on the verdict of a jury, in favor of Abraham Greenblodt, plaintiff below and defendant in error here. The cause does not come here upon the merits, the evidence not having been preserved for our consideration. The question before us is merely whether the judgment should be reversed because of insufficiency of the "statement of claim."

The action was one of the fourth class, brought in "Tort," and the statement of claim, omitting the description of the injuries received by the plaintiff, is:

"Plaintiff's claim is for the sum of one thousand dollars sustained by him through the negligence of defendant on or about July 9, 1911. While driving in a wagon on Western Avenue in said city between Division Street and Chicago Avenue defendant's street car was reck-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

lessly and carelessly driven against plaintiff's wagon, causing plaintiff to be thrown to the ground severely injuring him," etc.

The Municipal Court Act provides that in cases of this class:

"If the suit be for a tort, it" (the statement of claim) "shall consist of a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case he is called upon to defend, but nothing herein contained shall be construed to require the statement of claim in any action for a tort to set forth the cause of action with the particularity required in a declaration at common law."

We think that to any person unversed in the intricacies of the law it would never occur that the "statement of claim" in this case did not "reasonably inform" the Railways Company of the nature of the case it was called on to meet, and despite the elaborate and ingenious arguments of the counsel for plaintiff in error, that because the statement of claim does not assert that the plaintiff was in the exercise of due care when injured, this judgment ought to be reversed, although no objection appears to have been made to the statement as insufficient and nothing done in the court below to save any such point except to make a motion for an arrest of the judgment after verdict, we must decline to be so astute, and thus overthrow the evident purpose of the Municipal Court Act in regard to common-law pleading. So far as we know, all decisions of the Appellate Court or the Branch Appellate Courts of this District have been uniform on this point or analogous ones; e.g., *Toledo Computing Scale Co. v. Tyden,* 141 Ill. App. 21; *Rayfield v. Sans Souci Park,* 147 Ill. App 493; *Schulze v. Gottschalk,* 152 Ill. App. 20; *Bender v. Lundberg,* 152 Ill. App. 326; *McDowell, Stocker & Co. v. Sharp,* 157 Ill. App. 165; *Bekins Household Shipping Co. v. Grand Trunk Ry. System,* 162 Ill. App. 497; *Gilman v. Chicago Rys. Co.,* 185 Ill. App. 396.

Until, if ever, the higher tribunal shall hold other-wise, we shall adhere to the doctrine of these cases.

The judgment of the Municipal Court is affirmed.

*Affirmed.*